CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

OCT 3 0 2018

JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MICHAEL DUCHELLE GREEN, | ) | CASE NO. 7:18CV00247 |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | MEMORANDUM OPINION |
| | ) | |
| AMHERST COUNTY ADULT | ) | |
| DETENTION CENTER, ET AL., | ) | By: Glen E. Conrad |
| | ) | Senior United States District Judge |
| Defendants. | ) | |

Plaintiff Michael Duchelle Green, a Virginia inmate proceeding pro se, filed this civil rights action under 42 U.S.C. § 1983. Green alleges that after he was injured by a sliding door, he did not receive appropriate medical care from the jail's medical staff. Having reviewed Green's submissions, the court concludes that the action must be summarily dismissed for failure to state a claim.

I.

Green's claims arose while he was incarcerated at the Amherst County Adult Detention Center ("ACADC"). On May 1, 2018, an officer was escorting Green back to his housing unit after visitation, when a sliding door (operated remotely by a control booth officer), caught against Green's left shoulder and pinned him to the door frame. A nurse assessed him later that day for complaints of shoulder pain. She noted no bruising, swelling, or open areas, but started him on "[p]ain protocol." Compl. 3, ECF No. 1. He was seen the next day for the same complaints. The nurse then notified a jail doctor, who referred Green to a specialist. On May 3, 2018, Green was transported to the local Orthopedic Center and x-rays were taken. He was given an injection and a prescription to treat "rotator cuff impingement" in the left shoulder. Id.

Back at ACADC, Green's pain complaints continued. A nurse assessed him and restarted pain protocol on May 5, 2018. He was moved to the medical unit on May 9, 2018, so staff could monitor his pain. A jail doctor examined Green on May 14, 2018, and ordered an MRI of his shoulder.

Green signed and dated his § 1983 complaint on May 26, 2018, suing ACADC, the Blue Ridge Regional Jail Authority ("BRRJA"), and four supervising officers at the jail: Lt. Walker, Major Schmitt, Capt. Rivers, and Tim Trent, seeking monetary damages for the injury and the dissatisfactory medical care.

Green therafter supplemented the complaint with copies of request forms and grievances he had filed in May and June 2018—about his pain, the delay of the MRI, and his desire for a clearer explanation of the MRI results and the condition of his shoulder. His submissions indicate that jail officials responded to each of his filings. The MRI was performed on May 29, 2018. A jail doctor met with Green about the results on May 31, 2018, and referred him to the Orthopedic Center for follow up care. See Add'l Evid. 5, ECF No. 3.

II.

Under 42 U.S.C. § 1997e(c)(1), the court must dismiss a prisoner's civil action concerning prison conditions "if the court is satisfied that the action is frivolous, malicious, [or] fails to state a claim upon which relief can be granted. . . ." A viable complaint must allege "enough facts to state a claim to relief that is plausible on its face." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). To state a cause of action under §1983, a plaintiff must establish that he has been deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted

from conduct committed by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

As an initial matter, Green cannot pursue § 1983 claims against ACADC. The jail, as a building, is not a "person" subject to suit under § 1983. McCoy v. Chesapeake Corr. Ctr., 788 F. Supp. 890, 893-94 (E.D. Va. 1992). Green also has not alleged facts stating any actionable § 1983 claim against the BRRJA. To prove that a governmental entity, such as a local jail authority, is liable under § 1983 for constitutional violations committed by its employees, the plaintiff must show that the entity's policy was "the moving force of the constitutional violation." Polk County v. Dodson, 454 U.S. 312, 326 (1981). The plaintiff must show that the allegedly unconstitutional acts "implement[ed] or execute[ed] a policy statement, ordinance, regulation, or decision officially adopted and promulgated by" jail authority administrators. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 690 (1978). Green does not link the door operator's actions on May 1, 2018, or medical decisions he challenges, to any specific policy or decision "officially adopted" by the governing body of the jail authority. For the stated reasons, the court must summarily dismiss without prejudice Green's claims against the jail and the jail authority, pursuant to § 1997e(c)(1), for failure to state a claim upon which relief could be granted.

The individuals whom Green has named as defendants may be persons subjected to suit under § 1983. However, his allegations do not state any constitutional claim against any of them. He sues them only because he believes they were "in charge" at the time when he was seeking medical treatment. Compl. 7, ECF No. 1. Officials cannot be held automatically liable under § 1983 for actions of their employees, however. See Vinnedge v. Gibbs, 550 F.2d 926, 928 (4th Cir. 1977) (finding that "liability will only lie where it is affirmatively shown that the

official charged acted personally in the deprivation of the plaintiff['s] rights"). To prove supervisory liability, a plaintiff must show: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury; (2) that the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir. 1994). Green fails to state facts showing that either the sliding door incident,[1] or the alleged shortcomings in his medical care at the jail, were caused in any way by actions, inactions, or policies of the supervisory jail officials he has named as defendants.

Moreover, Green's submissions do not reflect that any of the defendants has medical expertise. Rather, these officials were entitled to rely on the professional medical judgments of the jail's nurses and doctors to determine the appropriate course of medical care for Green's medical needs. Miltier v. Beorn, 896 F.2d 848, 854 (4th Cir. 1990), overruled in part on other grounds by Farmer v. Brennan, 511 U.S. 825, 837 (1994)). A non-medical jail official may be liable only if a plaintiff shows that the official was personally involved with a denial of treatment, deliberately interfered with a prison doctor's treatment, or tacitly authorized or was deliberately indifferent to the medical provider's misconduct when even a lay person would have understood that the provider's care was inadequate. Id. at 854. Green has made no such showing here.

---

[1] Green does not identify the door operator as a defendant or allege that this officer purposely closed the door on Green's shoulder or intended to harm him in any way. Rather, Green's description of the incident indicates nothing more than an accidental mishap, perhaps caused by the officer's failure to exercise appropriate care in timing the control of the door. Such mere negligence by a state official, however, does not give rise to any constitutional claim actionable under § 1983. See Cty. of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections).

Furthermore, Green's allegations do not support a claim that any of the medical staff at ACADC violated his constitutional rights related to his medical needs. Only "[d]eliberate indifference to an inmate's serious medical needs constitutes cruel and unusual punishment under the Eighth Amendment." Jackson v. Lightsey, 775 F.3d 170, 178 (4th Cir. 2014) (citing Estelle v. Gamble, 429 U.S. 97, 105 (1976)). "[O]fficials evince deliberate indifference by acting intentionally to delay or deny the prisoner access to adequate medical care or by ignoring an inmate's known serious medical needs." Sharpe v. South Carolina Dept. of Corrections, 621 F. App'x 732, 733 (4th Cir. 2015) (citations omitted). To prove deliberate indifference, Green must show that the defendant prison official had "actual . . . knowledge of both the inmate's serious medical condition and the excessive risk posed by the official's [own] action or inaction." Jackson, 775 F.3d at 178 (citing Farmer, 511 U.S. at 837). This component requires proof of intent beyond mere negligence, errors in judgment, inadvertent oversights, or disagreements between doctor and patient about the prisoner's treatment plan. See Estelle, 429 U.S. at 105-06 ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). "Questions of medical judgment are not subject to judicial review." Russell v. Sheffer, 528 F.2d 318, 319 (4th Cir. 1975).

Green's submissions do not indicate that anyone ignored his medical needs. He began receiving medical care on the day he was injured. A nurse assessed him and started pain medication. When his pain continued, the nurse consulted a doctor, who referred Green to an orthopedist. Two days after the injury occurred, the specialist conducted X-rays, reached a diagnosis, and provided particularized treatment for that condition: an injection and prescriptions. Within the month, jail staff moved Green to the medical unit to monitor and treat his pain; and the jail doctor ordered an MRI that was conducted two weeks later; and the doctor

then referred Green for follow up from the orthopedist. Green's complaints reflect his apparent belief he should have had different medications or dosages, or that he should have received an MRI more quickly after the injury. At the most, his allegations amount to disagreements with the medical judgments made by the doctors and nurses as to appropriate treatment and timing. Green does not state facts showing deliberate indifference by any of them.

For the stated reasons, the court concludes that Green's submissions fail to state any constitutional claim against the defendants. Therefore, the court will summarily dismiss this case for failure to state a claim. An appropriate order will enter this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to the plaintiff.

ENTER: This 30th day of October, 2018.

_____
Senior United States District Judge